**Ronald Lee HEUGA, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 4366.

Supreme Court of Alaska.

April 11, 1980.

Robert L. Russell, Vandiver & Russell, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

On our own motion we earlier dismissed this appeal, with an opinion to follow.

---

**25.** *See One v. State,* 592 P.2d 1193 (Alaska 1978); *Morgan v. State,* 582 P.2d 1030 (Alaska 1979).

On June 6, 1978, Heuga entered a plea of no contest to the crime of robbery. At the same time he reserved his right to appeal the superior court's determination that his confession was admissible. This proposed procedure was based on our opinion in *Cooksey v. State*, 524 P.2d 1251, 1256–57 (Alaska 1974). However, in *Oveson v. Municipality of Anchorage*, 574 P.2d 801, 803 n.4 (Alaska 1978), we held that appeals from such conditional pleas will not be accepted unless the issue reserved for appeal is dispositive of the case, and a stipulation of the parties to that effect, approved by the court, appears in the record. We made this holding applicable to all pleas entered after the date of *Oveson*, which was February 3, 1978.

In the case at bar a determination that Heuga's confession is invalid would not be dispositive of the case, as there was eyewitness identification of Heuga as the perpetrator of the robbery. It follows that, under our holding in *Oveson*, Heuga cannot maintain this appeal.

The state argues that it has lost track of the eyewitness to the alleged robbery, and that this circumstance may mean that the validity of Heuga's confession can be viewed as dispositive of this case, even though that was not true when the plea was entered. Under *Oveson*, however, the test of appealability is the situation as it existed at the time the plea was entered, not how it is altered by later events.

Heuga points out that the state agreed in open court that he could reserve the right to appeal, and that the superior court explained to him that he could appeal the denial of the motion to suppress his confession. From this he argues that the state has waived any jurisdictional question and that we should, therefore, entertain this appeal.

If we accepted Heuga's argument it would mean that the requirements of *Oveson* could be circumvented if the court and counsel merely wished not to observe the holding of that case. We will not retrench on *Oveson* in this manner.

Where it appears that the dictates of *Oveson* have been ignored, we will not hesitate to dismiss the appeal sua sponte, as we have done here. To do otherwise would mean that we could have thrust upon us the determination of hypothetical and abstract questions which are not dispositive of the case as to which appeal is sought. This we refuse to do.

APPEAL DISMISSED.