David E. MILES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3556.

Court of Appeals of Alaska.

Feb. 7, 1992.

Leslie A. Hiebert, Asst. Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

MANNHEIMER, Judge.

David E. Miles participated in two sales of cocaine to a police undercover agent. He was indicted on two counts of misconduct involving a controlled substance in the third degree, AS 11.71.030(a)(1). Miles asked the superior court to suppress the tape recordings of his conversations with the undercover agent. When the superior court denied Miles's motion, Miles and the State reached a plea agreement. Miles pleaded no contest to one count of third-degree misconduct involving a controlled substance, and Miles and the State stipulated that Miles could appeal the superior court's denial of his motion to suppress the tape recordings. *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

Miles filed the agreed-upon appeal and he has briefed the suppression issue. In its responding brief, the State argues that the plea agreement is improper under the refinement of the *Cooksey* rule announced by the Supreme Court in *Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978).

■ At common law, a plea of guilty or no contest constituted a waiver of all nonjurisdictional defects in a criminal prosecution. *Cooksey,* 524 P.2d at 1255. In *Cooksey,* the Alaska Supreme Court altered this common-law rule, allowing a defendant to plead no contest yet at the same time reserve the right to appeal an issue litigated in the trial court. *Cooksey,* 524 P.2d at 1256–57.

In *Oveson,* the Supreme Court refined and limited the *Cooksey* rule. The court announced:

> [A]ppeals under the *Cooksey* doctrine will not be approved unless it is clearly shown, and the parties have stipulated with trial court approval, that our resolution of the issue reserved for appeal will be dispositive of the entire case.

*Oveson,* 574 P.2d at 803 n. 4.

In the present case, Miles and the State told the superior court that Miles's motion to suppress the tape recordings of his conversations with the undercover agent was "dispositive" because, without these tape recordings, the State would probably elect not to go forward with the prosecution. The superior court apparently accepted this stipulation. However, under *Oveson* and ensuing decisions, this court must independently evaluate whether an issue is dispositive for *Cooksey* purposes. *See,* for example, *Heuga v. State,* 609 P.2d 547, 548 (Alaska 1980), and *Cronin v. Anchorage,* 635 P.2d 840, 842 (Alaska App.1981).

Past cases have not provided a clear definition of what kind of issue is "dispositive" for *Cooksey* purposes. *See* C. Pengilly, *Post–Plea Appeal of "Dispositive" Issues,* 5 Alaska Law Review 221 (1988). The parties in this case took the position that suppression of evidence becomes "dispositive" if the prosecutor would decline to pursue the case in the absence of that evidence, regardless of the legal sufficiency of the remaining evidence. We reject this definition of "dispositive" for several reasons.

If the categorization of an issue as "dispositive" hinged on the prosecuting attorney's personal view of the evidence in the case, it would be almost impossible for this court to discharge the responsibility imposed by *Oveson*—the duty of independently reviewing the issue preserved for appeal to make sure it is truly dispositive. The decision of a prosecutor to pursue criminal charges in the absence of particular evidence is often a judgement call based on that prosecutor's experience, workload, and temperament. A prosecutor's evaluation of the likelihood of success without the questioned evidence (i.e., the likely credibility and convincing power of the remaining evidence) will almost always rest on intangible factors that cannot be independently assessed by this court.

Moreover, there is always the possibility that an over-worked prosecutor's view of whether evidence is crucial to the case will be consciously or unconsciously influenced by the knowledge that calling an issue "dispositive" will mean the disappearance of that case from the trial calendar. This same knowledge might also influence the defense attorney and the trial court judge to acquiesce in the prosecutor's evaluation.

Another objection to such a subjective definition of "dispositive"—perhaps the most important objection—is that it leaves the appellate courts vulnerable to having the parties "thrust upon us the determination of hypothetical and abstract questions". *Heuga,* 609 P.2d at 548. An appellate court should not undertake to decide a legal question simply because it is interesting or simply because the parties would like to have the question answered.

Under Alaska Criminal Rule 43(a), the prosecution has unfettered discretion to dismiss a criminal case up until the commencement of trial. Thus, if the dispositiveness of an issue depended on the subjective intention of the prosecutor, virtually any issue could become "dispositive" if the prosecutor were willing to commit the state to dismiss the case in the event the defendant prevailed on that issue. Had the Supreme Court contemplated this result in *Oveson,* it certainly would not have required an independent judicial finding that the issue preserved for appeal is dispositive.

We believe that the proper definition of a "dispositive" issue can be derived by examining the underlying purposes of the Supreme Court's insistence that the issue preserved for appeal be dispositive. One reason for this requirement is to insure that the issue preserved for appeal will be strenuously litigated in the trial court, so that the resulting appellate record will be adequate for meaningful review. Another reason for the requirement is to avoid having issues presented on appeal in an evidentiary vacuum. There are times when a particular witness's testimony or a particular piece of evidence may have obvious crucial importance to the litigation; examples are the drug or the weapon in a drug or weapon possession case. More often, however, the ultimate importance of particular evidence to the litigation—and, more to the point, whether erroneous admission of this questioned evidence would require reversal of a criminal conviction—cannot be evaluated without knowing the rest of the government's case. Justice would not be served if *Cooksey* pleas could be employed to evade the harmless error rule that would normally govern appellate resolution of the defendant's evidentiary claim if he or she went to trial.

In the present case, suppression of the tape recordings of Miles's conversations with the undercover agent clearly poses no legal impediment to the State's pursuit of this prosecution. Despite suppression of the tapes, the police agent could still testify about these conversations, could still testify that Miles participated in the two drug sales, and could still provide the evidentiary foundation for admission of the drugs. *State v. Glass,* 583 P.2d 872, 877, 880 (Alaska 1978). This evidence, if admitted, would be sufficient to take the case to the jury. Thus, even if we ruled on appeal that admission of the tapes had been error, we would still have to decide whether that error was "reversible"—whether a conviction supported by legally sufficient evidence should nonetheless be reversed because of the admission of the tapes. The Alaska Supreme Court has cautioned us that we are not to decide such an issue in a "factual vacuum". *State v. Wickham,* 796 P.2d 1354, 1357–58 (Alaska 1990).

To safeguard the proper functioning of the *Cooksey / Oveson* rule, we now hold that an issue is "dispositive" for *Cooksey* purposes only if resolution of the issue in the defendant's favor would either legally preclude the government from pursuing the prosecution or would leave the government without sufficient evidence to survive a motion for judgement of acquittal at the conclusion of the government's case. We adopt a judgement of acquittal standard because it provides a more objective benchmark than a test that hinges on the prosecutor's strategic evaluation of the chances for a favorable verdict.

In the future, to comply with the *Cooksey/Oveson* rule, the prosecuting attorney, as an officer of the court, must certify that the issue which the defendant proposes to appeal is dispositive, either because a ruling in the defendant's favor would, as a matter of law, bar continuation of the prosecution or because a ruling in the defendant's favor would leave the

government with insufficient evidence to withstand a motion for judgement of acquittal at the conclusion of the government's case. Both the defense attorney and the judge must concur in the prosecutor's assessment.

Of course, it will remain the obligation of this court to independently evaluate the propriety of *Cooksey* pleas. *Oveson,* 574 P.2d 801. Nevertheless, under the standard that we adopt today, we anticipate that trial judges, prosecutors, defense attorneys, and this court will generally agree on what constitutes a proper *Cooksey* issue.

We recognize that criminal cases will, from time to time, give rise to important questions of law which, although not "dispositive", are nonetheless deserving of immediate appellate resolution. Our holding does not preclude, nor is it intended to discourage, either or both parties from petitioning this court for interlocutory review under Alaska Appellate Rule 402 in such cases. Alternatively, if the parties concur that the only crucial aspect of the case is a non-dispositive legal issue and that there are no material factual disputes to be litigated, the parties may agree to hold a trial on stipulated facts or upon the grand jury record, thus obtaining an appealable judgement.

■■■■ Returning to the present case, the issue Miles attempted to preserve for appeal is not "dispositive" as we have defined that term today. We must therefore dismiss Miles's appeal for lack of jurisdiction. Because Miles entered his no contest plea in reliance on his ability to litigate the suppression issue on appeal, he must now be given an opportunity to withdraw his plea. *Cooksey,* 524 P.2d at 1256.

This appeal is DISMISSED and this case is REMANDED to the superior court to allow Miles to withdraw his plea.