**John SPINKA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4609.**

Court of Appeals of Alaska.

Nov. 12, 1993.

---

**252**

Robert Merle Cowan, Law Offices of Cowan & Gerry, Kenai, for appellant.

Joseph N. Levesque, Asst. Dist. Atty., Sharon A. Illsley, Dist. Atty., Kenai, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

In this case, John Spinka entered a no contest plea to the charge of refusing to submit to a breath test, reserving, pursuant to *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974), the right to appeal the district court's denial of his motions to dismiss the refusal charge and to suppress evidence of his refusal. Upon Spinka's plea to the refusal charge, the state dismissed the DWI charge arising from the same incident.

In accepting Spinka's plea, Magistrate Lynn H. Christensen, in accordance with *Oveson v. Anchorage*, 574 P.2d 801, 803 n. 4 (Alaska 1978), concluded that the issues Spinka sought to reserve for appeal would be dispositive of the refusal charge; however, Magistrate Christensen evidently did not consider whether the issues would also be dispositive of the companion DWI charge.

 In our view, the unique relationship between charges of DWI and refusal arising from the same incident requires that an issue be dispositive of both the DWI and refusal charges before that issue can be considered dispositive under *Oveson*.[1] Because it appears from the record that the issues Spinka seeks to raise might not be dispositive of his DWI charge, we dismiss this appeal and remand this case for reconsideration of the issue by the district court.

In deciding whether the issues Spinka seeks to reserve for appeal would be dispositive of the DWI charge, the court should apply the standard set out in *Miles v. State*, 825 P.2d 904 (Alaska App.1992). If the court concludes that the issues are not dispositive, Spinka should be allowed

---

1. The record in this case indicates that the dismissal of Spinka's companion DWI charge was an integral part of the negotiated disposition pursuant to which Spinka entered his *Cooksey* plea. Our opinion applies only to such situations. When a *Cooksey* plea agreement on a refusal charge makes no provision for dismissal of a companion charge of DWI and that charge is dismissed for unrelated reasons, the issue reserved for appeal need only be dispositive of the refusal charge.

the opportunity to withdraw his no contest plea on the refusal charge (and, if he elects to do so, the state should be allowed the opportunity to reinstate the DWI charge). If the district court concludes that the issues are dispositive, it should notify this court of its decision; upon receiving such notice, this court will reinstate the appeal.

The appeal is DISMISSED.