Randy L. WELLS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6315.

Court of Appeals of Alaska.

Nov. 14, 1997.

Law Offices of William R. Satterberg, Jr., Fairbanks, for Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., MANNHEIMER, J., and RABINOWITZ, Senior Supreme Court Justice.*

## OPINION

MANNHEIMER, Judge.

Randy L. Wells was charged with felony driving while intoxicated (DWI) and driving while his license was suspended (DWLS). Wells asked the superior court to suppress the statements he had made to the arresting officer. Wells also asked the superior court to suppress the result of the breath test he took at the police station, plus the arresting officer's observations of Wells's performance on various field sobriety tests; all of this evidence, Wells argued, was the fruit of his illegally obtained statements.

On the morning set for Wells's trial, the superior court held an evidentiary hearing on Wells's suppression motion. At the conclusion of that hearing, the court denied the motion. Immediately following this ruling, Wells pleaded no contest to the misdemeanor charge against him—driving while his license was suspended. The court accepted Wells's plea, and then the court and the parties began to prepare for a jury trial on the

remaining charge, felony driving while intoxicated.

However, in the midst of a discussion concerning jury selection, the parties requested an anteroom conference. In the anteroom, Wells's attorney announced that Wells now wished to enter a no contest plea to the felony DWI, reserving his right to appeal the court's denial of the suppression motion. *See Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974). As part of this agreement, Wells would withdraw his already-accepted plea to the DWLS charge, and the State would dismiss this charge.

Upon hearing this, the superior court dismissed the assembled jurors, accepted the plea agreement, and sentenced Wells for felony DWI. Pursuant to the plea agreement, Wells has now filed an appeal with this court in which he challenges the superior court's denial of his suppression motion. We, however, dismiss this appeal for lack of jurisdiction; Wells's plea is not a proper *Cooksey* plea.

■■■ *Cooksey* allows a defendant to plead no contest but at the same time reserve an issue for appeal. The main limitation is that the reserved issue must be dispositive of the entire case. *Oveson v. Anchorage*, 574 P.2d 801, 803 n. 4 (Alaska 1978); *Cooksey*, 524 P.2d at 1256–57. In *Miles v. State*, 825 P.2d 904 (Alaska App. 1992), we held that an issue is "dispositive" for *Cooksey* purposes "only if resolution of the issue in the defendant's favor would either legally preclude the government from pursuing the prosecution or would leave the government without sufficient evidence to survive a motion for judgement of acquittal." *Id.* at 906.

Wells reserved the issue of whether his statements to the arresting officer were obtained illegally, and whether certain other evidence should be suppressed as the tainted fruit of those statements. However, the suppression of this evidence affected only the State's ability to prosecute Wells for driving while intoxicated; it had no effect on the

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

State's ability to prove that Wells had been driving while his license was suspended. Moreover, as described above, the proceedings in the trial court clearly suggest that the State agreed to dismissal of the DWLS charge so that Wells's suppression motion would be dispositive of the case, which now consisted only of the DWI charge.

 We confronted a similar situation in *Spinka v. State,* 863 P.2d 251 (Alaska App. 1993). In *Spinka,* the defendant was charged with both driving while intoxicated and refusing to submit to a breath test. Spinka asked the court to suppress evidence of his breath test refusal. When this suppression motion was denied, Spinka wanted to plead no contest but preserve his suppression issue. In order to make this issue "dispositive", the government dismissed the driving while intoxicated charge. *Id.* at 252. We held that Spinka's plea would not qualify as a valid *Cooksey* plea if "the dismissal of Spinka's companion DWI charge was an integral part of the negotiated disposition"—that is, if the government's reason for dismissing the DWI charge was to make Spinka's suppression motion dispositive of the case. *Id.* at 252 n. 1.

In Wells's case, the State dismissed the DWLS charge as part of the negotiated settlement, and the record fails to disclose any independent reason for the dismissal of that charge. Indeed, Wells had already pleaded no contest to this charge, and the parties had to ask the trial court to vacate Wells's plea so that this now-bothersome charge could be dismissed.

 Wells has failed to rebut the clear inference that the DWLS charge was dismissed for the purpose of making Wells's suppression motion dispositive of the case. Under these circumstances, we find that Wells has not shown that his plea was a valid *Cooksey* plea.[1]

 This appeal is DISMISSED for lack of jurisdiction. Because Wells entered his no contest plea to DWI on the understanding that he would be allowed to litigate the suppression issue on appeal, and because Wells has not received the benefit of that bargain, the superior court should allow Wells the opportunity to withdraw his no contest plea and go to trial on the DWI charge. If Wells chooses to do this, then the superior court should reinstate Wells's no contest plea to the DWLS charge (unless Wells can show some good reason for withdrawing that plea apart from the terms of the now-defunct plea bargain).

---

1. We take this occasion to reiterate what we said in *Miles,* 825 P.2d at 906–07, regarding the procedural steps that must be taken when the parties present the court with a *Cooksey* plea:

> [T]he prosecuting attorney, as an officer of the court, must certify that the issue which the defendant proposes to appeal is dispositive, either because a ruling in the defendant's favor

would, as a matter of law, bar continuation of the prosecution or because a ruling in the defendant's favor would leave the government with insufficient evidence to withstand a motion for judgement of acquittal at the conclusion of the government's case. Both the defense attorney and the judge must concur in the prosecutor's assessment.