**Amy Catherine CLARK, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A–7416.

Court of Appeals of Alaska.

May 5, 2000.

beyond the express terms of the permit without running afoul of *Swindel*.

**56.** *See* ch. 19, § 1 SLA 1993.

John S. Hedland, Hedland, Brennan, Heidman, & Cooke, Anchorage, for Appellant.

Benjamin O. Walters, Jr., Assistant Municipal Prosecutor, Carmen ClarkWeeks, Assistant Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before: MANNHEIMER and STEWART, Judges, and RABINOWITZ, Senior Supreme Court Justice.[*]

## OPINION

MANNHEIMER, Judge.

Amy Catherine Clark pleaded no contest to the charge of driving while intoxicated. Her plea purports to be a *Cooksey* plea—that is, a plea that preserves her right to litigate a specified issue on appeal.[2] But under *Cooksey* and the subsequent cases construing the *Cooksey* rule, the issue preserved for appeal must be "dispositive of the entire case".[3] If it is not, the plea is not valid and the defendant has no right to appeal.[4]

In Clark's case, the preserved issue is not dispositive of the charge against her. We therefore dismiss this appeal and we remand Clark's case to the district court, where Clark must be afforded the opportunity to withdraw her plea and go to trial.

*The claim that Clark attempted to preserve*

Clark was arrested for driving while intoxicated, and she was asked to submit to a breath test. Clark took the test, but she claims that the test result should be suppressed because the police did not inform her of her right to consult an attorney before deciding whether to take the test.

---

[*] Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

[2] *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).

[3] *Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978).

[4] *See Heuga v. State,* 609 P.2d 547, 548 (Alaska 1980).

Alaska law requires the police to honor an arrested motorist's request to consult an attorney before taking the breath test, if the motorist makes such a request. But we have repeatedly held that if an arrested motorist does not request the opportunity to consult an attorney before taking the breath test, the police have no obligation to affirmatively advise the motorist of this right. Clark argues that our prior decisions are wrongly decided. She asserts that arrested motorists have a constitutional right to consult an attorney before they decide whether to take the breath test, and she further asserts that the police have a corresponding constitutional obligation to inform motorists of this right.

*Why this claim is not dispositive of the litigation*

Clark was prosecuted for driving while intoxicated under AMC 9.28.020A. This ordinance provides two alternative ways of proving the offense. One way is to prove that the defendant operated a motor vehicle while their blood-alcohol level was .10 percent or higher. The other way is to prove that the defendant operated a motor vehicle while they were under the influence of intoxicants.

If Clark prevailed on her claim that police officers are obliged to advise arrested motorists of the right to consult an attorney before deciding whether to take a breath test, she might gain suppression of her breath test result. But this would not bar the Municipality from pursuing the other theory of guilt—the theory that Clark was under the influence of intoxicants. The record reveals that there was substantial evidence to support this theory, even without evidence of the breath test result.

According to the stipulated facts, Clark was stopped in the early morning hours after the police saw her driving with her headlights off. Clark's headlights remained off even after the driver of another vehicle flashed their headlights at her. When the police officers contacted Clark, they immediately noted a very strong odor of alcoholic beverages. When Clark was asked to step from her vehicle, she told the officers that she wished to put on her coat. Clark reached into the back seat of her car, apparently to retrieve the coat. She continued to search the back seat area of the car even after it was obvious that the garment was not where she thought it was. When Clark got out of her vehicle, the officers saw that her movements were fumbling and that she was having trouble maintaining her balance. The officers also noted that Clark had red, bloodshot eyes. The officers administered field sobriety tests to Clark, and her performance on these tests corroborated the officers' suspicions that Clark's ability to drive was impaired.

In *Oveson v. Anchorage,* the supreme court declared that an issue would not be deemed "dispositive" for *Cooksey* purposes unless a ruling in the defendant's favor would "result[ ] in the dismissal of the charge and would ... bar[ ] further prosecution".[5] We were asked to interpret this requirement in *Miles v. State.*[6] In *Miles,* the defendant's suppression motion was not dispositive of the case *per se,* but the government announced that it would not pursue the case if the defendant's motion was granted.[7] The parties took the position "that suppression of evidence becomes 'dispositive' if the prosecutor would decline to pursue the case in the absence of that evidence, regardless of the legal sufficiency of the remaining evidence."[8]

We rejected that view of the law for several reasons, all of which are explained in our *Miles* opinion.[9] We need not reiterate the details of our reasoning here. We merely reiterate our conclusion:

To safeguard the proper functioning of the *Cooksey/Oveson* rule, we now hold that an issue is "dispositive" for *Cooksey* purposes only if resolution of the issue in the defendant's favor would either legally preclude the government from pursuing the prosecution or would leave the government

---

**5.** 574 P.2d at 803 n. 4.

**6.** 825 P.2d 904 (Alaska App.1992).

**7.** *See id.* at 905.

**8.** *Id.*

**9.** *See id.* at 905–06.

without sufficient evidence to survive a motion for judgement of acquittal at the conclusion of the government's case. We adopt a judgement of acquittal standard because it provides a more objective benchmark than a test that hinges on the prosecutor's strategic evaluation of the chances for a favorable verdict.

In the future, to comply with the *Cooksey/Oveson* rule, the prosecuting attorney, as an officer of the court, must certify that the issue which the defendant proposes to appeal is dispositive, either because a ruling in the defendant's favor would, as a matter of law, bar continuation of the prosecution or because a ruling in the defendant's favor would leave the government with insufficient evidence to withstand a motion for judgement of acquittal at the conclusion of the government's case. Both the defense attorney and the judge must concur in the prosecutor's assessment.

*Miles,* 825 P.2d at 906–07.

■ In Clark's case, the Municipality concedes that the issue preserved for appeal is not "dispositive" under this definition. Clark was charged under both clauses of the DWI statute: *i.e.,* she was charged with driving "under the influence" as well as driving with a blood-alcohol level of .10 percent or higher. Because of this, the Municipality concedes that even if Clark's breath test result were suppressed, the Municipality would still have sufficient evidence to survive a motion for judgement of acquittal.

Indeed, the Municipality has never contended otherwise. When the parties presented the negotiated plea in the district court, the judge asked the municipal prosecutor whether the Municipality could prove its case without the breath test evidence. Rather than answer this question, the prosecutor told the judge that the Municipality "would not proceed [with Clark's] case without the breath test result".

As just explained, *Miles* explicitly rejects the notion that an issue should be deemed "dispositive" simply because the prosecutor would not pursue the case if that issue were lost. The district court judge asked the cor-

rect question—whether the Municipality could survive a motion for judgement of acquittal without the breath test result—and now, on appeal, the Municipality concedes that the answer is "yes". This being so, Clark's challenge to the breath test is not a dispositive issue for *Cooksey* purposes.

*The Municipality's assertion that the Miles rule is unconstitutional*

■ Although the Municipality concedes that the issue preserved for appeal does not qualify as "dispositive" under *Miles,* the Municipality urges us to reconsider and renounce *Miles.* Specifically, the Municipality argues that the *Miles* rule violates the constitutional doctrine of separation of powers.

The Municipality points out that the executive branch of government has the discretionary authority to initiate and terminate criminal prosecutions as it sees fit. In particular, the executive branch has the discretion to dismiss a prosecution if certain key evidence is suppressed—to decide that the now-reduced chances of obtaining a favorable verdict no longer justify the time and resources that would be devoted to the case. According to the Municipality, the *Miles* rule represents an unconstitutional infringement on this executive branch authority.

We disagree. *Miles* is not concerned with the government's authority to initiate and dismiss criminal charges. In particular, the *Miles* rule does not require the Municipality to pursue the DWI charge against Clark, nor does it require the Municipality to dismiss that charge. That decision remains with the attorneys representing the Municipality. *Miles* and its predecessor, *Oveson,* do not seek to curtail executive discretion; rather, they are concerned with the proper working of the judicial branch.

As we explained in *Miles,* the *Cooksey* plea procedure is a limited exception to the rule that a plea of no contest waives all non-jurisdictional defects.[10] Because the *Cooksey* procedure allows parties to present an issue on appeal even though there has been no trial, it is important to place limits on the kinds of cases that can be litigated in this way. Without a narrow definition of "dispos-

10. *Miles,* 825 P.2d at 905.

itive", the *Cooksey* plea procedure would "leave[ ] the appellate courts vulnerable to having the parties thrust upon us the determination of hypothetical and abstract questions".[11] In addition, without a narrow definition of "dispositive", criminal defendants could "evade the harmless error rule that would normally govern appellate resolution of [their] evidentiary claim if [they] went to trial".[12]

*Miles* does not prevent the executive branch from initiating and terminating criminal prosecutions as it sees fit. Rather, *Miles* prevents the executive branch (and all other litigants) from evading our law's traditional limits on the right to demand judicial review. *Miles* prevents litigants from foisting issues of law upon appellate courts in an evidentiary vacuum. In the present case, *Miles* prevents Clark and the Municipality from requiring the appellate courts of this state to decide a question of constitutional law when the question might well be moot if Clark's case were tried.

The right of appeal is, in essence, the right to demand that an appellate court decide a lawsuit.[13] The *Oveson-Miles* definition of a "dispositive" issue helps to maintain the traditional limits on the right of appeal. These limits help to ensure that important issues of law are fully litigated and carefully considered. These limits also promote the goal of judicial restraint—the ideal that courts should not decide important issues of law unless there is a real need to have those issues decided.

These are proper concerns of the judicial branch. Indeed, they are proper concerns of all three branches of government, and of society at large. The rules that limit litigants' right to appeal ultimately promote the healthy functioning and healthy interaction of all three branches of government. For these reasons, we reject the Municipality's attack on *Miles*.

*Why we are dismissing this appeal rather than exercising our discretion to treat this case as a petition for review*

■ When a defendant enters a non-valid *Cooksey* plea, this court still has the discretion to circumvent the jurisdictional defect by treating the "appeal" as a petition for review and then granting the petition—thus allowing us to address the merits of the defendant's claim, even though it is not dispositive. The question is whether we should exercise that discretion in Clark's case.

*Miles* was decided in February, 1992. Eight years later, this court is still receiving *Cooksey* appeals in which the preserved issues are not "dispositive" as defined in *Miles*.[14] Often, we have simply noted the *Cooksey* problem and then treated these cases as petitions for review, justifying our decision on the theory that the parties deserved an answer to their legal question after they had put so much time and effort into the case.

Clark's case is no exception: both she and the Municipality have invested their resources (financial and otherwise) to bring the matter to this stage of litigation. But any decision to ignore the *Cooksey* problem has its own drawbacks. As this writer said when dissenting in *Henson v. Anchorage*,

I, too, favor prompt resolution of litigation, but I believe that we should enforce our procedural rules and refuse to decide [this

11. *Id.* at 906 (quoting *Heuga v. State*, 609 P.2d 547, 548 (Alaska 1980)).

12. *Id.* As we pointed out in *Miles*, in most cases "the ultimate importance of [the contested] evidence to the litigation—and, more to the point, whether erroneous admission of the questioned evidence would require reversal of a criminal conviction—cannot be evaluated without knowing the rest of the government's case." 825 P.2d at 906.

13. See *Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska App.1997), where we explained the distinction between the right to "appeal" (*i.e.*, to

demand that an appellate court review a lower court's decision) and the right to "petition" (*i.e.*, to *request* an appellate court to exercise its discretionary authority to review a lower court's decision).

14. *See Parker v. State*, Alaska App. Memorandum Opinion No. 3625 (July 2, 1997); *Haynes v. State*, Alaska App. Memorandum Opinion No. 3818 (May 13, 1998); *Henson v. Anchorage*, Alaska App. Memorandum Opinion No. 3979, 1999 WL 46579 (February 3, 1999); *Jackson v. State*, Alaska App. Memorandum Opinion No. 4012 (March 24, 1999).

case]. While it may seem that we advance judicial efficiency by deciding [the defendant's] case, I fear that this advance will be more than offset by our tacit encouragement of additional flawed *Cooksey* pleas in future cases.

*Henson*, Memorandum Opinion No. 3979, slip opinion at page 9, 1999 WL 46579 (Mannheimer, J., dissenting).

Clark's case presents an additional difficulty. As explained earlier, Clark's legal claim is that an arrested motorist has a constitutional right to consult an attorney before deciding whether to take a breath test, and that the police are obliged to inform the motorist of this constitutional right even if the motorist does not ask. In the district court, the Municipality apparently conceded that the motorist's right to consult an attorney was based on the constitution (rather than simply deriving from statute). But now, on appeal, the Municipality has taken a different position. In its brief to this court and again at oral argument, the Municipality has asserted that a motorist's right to consult an attorney derives from statute, not from Alaska's constitution. At oral argument, Clark's attorney complained that he had been disadvantaged by the Municipality's about-face: he had not made his strongest case because his opening brief was written on the assumption that the Municipality would not contest the constitutional basis of the right to consult counsel.

Given this circumstance, and given our concern that parties will continue to evade or ignore the *Miles* rule unless we begin to enforce it, we conclude that we should not ignore the *Cooksey* defect in this case.

Because the issue preserved for appeal is not dispositive of the litigation between the Municipality and Clark, this appeal is DISMISSED for want of jurisdiction. And, treating the dismissed appeal as a petition for review, that petition is DENIED.

This case is remanded to the district court for further proceedings on the criminal complaint filed against Clark. Because Clark entered her no contest plea on the understanding that she would be allowed to litigate

the suppression issue on appeal, and because Clark has not received the benefit of that bargain, the district court should allow Clark the opportunity to withdraw her no contest plea and go to trial.[15]

COATS, Chief Judge, not participating.

---

**15.** *See Wells v. State,* 945 P.2d 1248, 1250 (Alaska App.1997).