Ross L. DOW, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9212.

Court of Appeals of Alaska.

April 6, 2007.

Robert John, Law Office of Robert John, Fairbanks, for the Appellant.

W.H. Hawley, Jr., Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

This case presents one more instance of a recurring problem. The criminal charges against Ross L. Dow were resolved when Dow entered a *Cooksey* plea—*i.e.*, a plea of no contest which, with the consent of the State, incorporated the right to litigate a dispositive issue on appeal. *See Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974). But when the parties appeared in court to present this negotiated settlement of the case, neither the lawyers nor the judge carefully described the issue or issues that were being reserved for appeal.

Most of the evidence against Dow was found during a police search of his basement. There was no warrant for this search, but the

State contended that Dow's domestic partner, Starla Noyes–Norris, consented to the initial police entry of the residence, and that Dow himself later consented to the search of the basement.

Dow's attorney filed a suppression motion in which he challenged the entry and the search. In his motion, and in the later hearing on that motion, Dow's attorney mentioned numerous factual and legal theories that could potentially undermine the propriety of the entry and the search.

After Superior Court Judge Mark I. Wood denied the suppression motion, Dow decided to enter a *Cooksey* plea. But when the parties assembled in court to have Dow formally express his agreement to this negotiated plea, there was little talk of the issue preserved for appeal. This matter was addressed only briefly, and the reserved issue was described only vaguely as whether Norris and Dow "consented to let [the police] in there". Here is the pertinent portion of the transcript:

> *The Court:* And the State stipulates that [the issue reserved under the plea agreement] qualifies under *Cooksey* . . . [as] dispositive?
>
> *Prosecutor:* Correct, Judge. . . . It, the consent issue, starts the case, so . . .
>
> *The Court:* Right; yeah. I mean, [the police] don't get to find [the evidence] if . . . I didn't find that you consented to letting them in there. Right. So . . . you have the right to appeal that; . . . you're not losing your right to appeal that issue.
>
> *Dow:* Right.

■ Now, on appeal, Dow's appellate attorney (a different attorney from the one who represented Dow in the superior court) has filed a brief that challenges the entry and the search on at least seven different grounds. The State, in its responding brief, contends that most of these legal arguments were not preserved when Dow entered his plea, and that this Court should therefore refuse to decide these unpreserved claims.

The dilemma facing this Court is that, if we ultimately agree with the State that one or more of Dow's claims were not preserved when he entered his *Cooksey* plea, Dow would seemingly be entitled to return to the superior court and ask to withdraw his plea—on the basis that he *thought* that these claims were preserved, and that his decision to enter his *Cooksey* plea was premised on his right to raise these claims and have them resolved on appeal.

■ (When a defendant is denied the opportunity to litigate an issue that was purportedly reserved for appeal as part of a *Cooksey* plea, the remedy is to allow the defendant to withdraw the plea.) [1]

In other words, this Court could devote substantial time and effort to deciding Dow's appeal, only to have our decision become moot because there never was a meeting of the minds between Dow and the State concerning the issues preserved for appeal.

Under these circumstances, we must stay our consideration of this appeal and remand Dow's case to the superior court, so that the precise contours of the *Cooksey* plea can be clarified. We direct the superior court to ask the parties to explain their understanding of the plea agreement—in particular, the issues that they anticipated would be reserved for appeal.

■ If the parties can reach agreement regarding the claims that were preserved for appeal when Dow entered his plea, the superior court shall notify this Court of the agreed-upon claims. Assuming that these claims are "dispositive" as defined in *Miles v. State*, 825 P.2d 904, 906 (Alaska App.1992), this Court will resume work on Dow's appeal—ignoring any claims presented in Dow's current brief that fall outside the parties' agreement.

If, on the other hand, the parties can not reach agreement regarding the claims preserved for appeal, the superior court shall notify this Court of this fact. We will then dismiss Dow's appeal on the basis that Dow's

---

1. *See Miles v. State*, 825 P.2d 904, 907 (Alaska App.1992). *See also Ritter v. State*, 16 P.3d 191, 196 (Alaska App.2001); *Clark v. Anchorage*, 2 P.3d 639, 644 (Alaska App.2000); *Wells v. State*, 945 P.2d 1248, 1250 (Alaska App.1997).

*Cooksey* plea was not valid, and Dow will be given the opportunity to withdraw his plea.

In this latter event, Dow has several options. He may negotiate another plea bargain with the State, or he may withdraw his no contest plea and go to trial on the original charges. If Dow elects to go to trial, but if he believes that it would be pointless to dispute his factual guilt, Dow may choose to be tried on stipulated facts or on the grand jury record. As we noted in *Miles*,

> [I]f the parties concur that . . . there are no material factual disputes to be litigated, the parties may agree to hold a trial on stipulated facts or upon the grand jury record, thus obtaining an appealable judgement.

*Miles*, 825 P.2d at 907.

The superior court shall notify this Court of the result of the remand proceedings within 90 days of the issuance of this opinion.

We now address one further issue.

■ Over the years, this Court has repeatedly been presented with flawed *Cooksey* pleas—flawed either because the issue reserved for appeal was not dispositive, or because the parties never reached true agreement regarding the issues reserved for appeal. In *Miles*, we responded to this problem by laying out the procedural steps that must be taken when the parties present the trial court with a proposed *Cooksey* plea:

> [T]he prosecuting attorney, as an officer of the court, must certify that the issue which the defendant proposes to appeal is dispositive, either because a ruling in the defendant's favor would, as a matter of law, bar continuation of the prosecution or because a ruling in the defendant's favor would leave the government with insufficient evidence to withstand a motion for judgement of acquittal at the conclusion of the government's case. Both the defense attorney and the judge must concur in the prosecutor's assessment.

*Miles*, 825 P.2d at 906–07.

Our opinion in *Miles* was issued fifteen years ago, but we continue to receive appeals in which the defendant's *Cooksey* plea suffers from these same flaws. We now take the step of requiring the negotiated terms of a *Cooksey* plea to be presented to the trial court in writing.

In this writing, the parties must specify precisely what issue or issues are being reserved for appeal. In addition, the parties must specify how the issue(s) are dispositive of the case under the test announced in *Miles*.

■ If more than one issue is being reserved for appeal, the parties must either explain why they believe that each separate issue is independently dispositive of the case, or the parties must explicitly agree that the separate issues are dispositive only when taken in combination—and that the defendant will prevail on appeal only if all issues are resolved in the defendant's favor.

■ The writing must be signed by both the prosecutor and the defense attorney, and the writing must be submitted to the trial court promptly, so that the court has sufficient time to review and evaluate the terms of the proposed plea agreement before the court is asked to accept the defendant's plea. As we pointed out in *Miles*, 825 P.2d at 907, all three participants—the prosecutor, the defense attorney, and the judge—must agree that the proposed *Cooksey* plea is proper.

■ We caution both attorneys and trial judges that we will not accept a writing that describes a reserved issue in generic terms or in "boilerplate" language. Rather, the writing must describe the reserved issue by specifically referring to the facts of the defendant's case and the legal theories that the parties are relying on.

We harbor no illusions that this new procedural requirement will achieve the goal of eliminating all *Cooksey* plea problems. However, we believe that the requirement of a writing will significantly advance this goal—by requiring attorneys and judges to give focused attention to the terms of all proposed *Cooksey* pleas.

### Conclusion

This case is REMANDED to the superior court for the proceedings described in this

opinion. The superior court shall report to us on the result of the remand proceedings within 90 days of the issuance of this opinion. After we have received the superior court's report, we shall renew our consideration of this appeal.