**Michael Scott HOLLSTEIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A-9780.**

Court of Appeals of Alaska.

Feb. 15, 2008.

Carmen E. Clark, Ingaldson, Maassen & Fitzgerald, Anchorage, for the Appellant.

Jarom B. Bangerter, Assistant District Attorney, and Roman J. Kalytiak, District Attorney, Palmer, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Michael Scott Hollstein was charged with driving under the influence.[1] Hollstein's attorney decided to argue that Hollstein's arrest had been illegal. She filed an eleven-page motion in which she argued that the officer who arrested Hollstein had lacked probable cause to believe that he was under the influence.

However, instead of labeling her motion a "motion to suppress", the defense attorney labeled it a "motion to dismiss"—specifically, a "Motion to Dismiss [for] Lack of Probable Cause to Arrest". And, rather than seeking suppression of the evidence against Hollstein, the defense attorney argued for outright dismissal. The concluding sentences of the motion read:

> Applying the appropriate [legal] standard[,] there [was] no driving misconduct to suggest impairment. Nor did the officer observe sufficient signs of alcohol impairment[,] as opposed to simple [alcohol] consumption[,] to justify Hollstein's arrest.... Consequently, the charges must be dismissed.

In response, the prosecutor filed a pleading in which he argued that the facts known to the officer did, in fact, establish probable cause for Hollstein's arrest.

After considering the parties' pleadings, District Court Judge John W. Wolfe concluded that he did not need to resolve the issue of whether there was probable cause for Hollstein's arrest. Instead, Judge Wolfe focused on the fact that Hollstein's attorney was asking for dismissal of the charge as opposed to suppression of the evidence. The judge issued the following order:

> This matter comes [before the court] for consideration [of] the defendant's Motion to Dismiss because the defense asserts [that] the officer lacked probable cause to arrest. Assuming *arguendo* [that] the officer did lack probable cause at the time he arrested the defendant, the motion fails to cite any legal authority for the proposition that dismissal is an appropriate remedy.
>
> For this reason[,] the motion is hereby denied.

One might suppose that, having received such an order from Judge Wolfe, the defense attorney would simply re-file her motion as a

---

1. AS 28.35.030(a).

motion to "suppress". But instead, the defense attorney filed a motion for reconsideration in which she argued again that outright dismissal of criminal charges is the proper remedy whenever a defendant's arrest is not supported by probable cause.

As a backup argument, Hollstein's attorney suggested that Judge Wolfe should have treated her earlier pleading as "a mislabeled motion to suppress", and that the judge should then have held a hearing on the issue of whether there was probable cause for Hollstein's arrest.

Judge Wolfe denied this motion for reconsideration.

After Judge Wolfe denied the motion for reconsideration, the defense attorney and the prosecutor decided to resolve Hollstein's case through a *Cooksey* plea. That is, the parties agreed that Hollstein would enter a plea of no contest to the DUI charge, with Hollstein reserving his right to challenge Judge Wolfe's rulings on appeal.[2]

In particular, the parties agreed that Hollstein reserved the right to argue (1) that his arrest had not been supported by probable cause or, in the alternative, (2) that Judge Wolfe at least should have held an evidentiary hearing so that the issue of probable cause (or lack thereof) could be litigated.

■ The problem is that, under Alaska law, a litigant who wishes to raise an issue on appeal must show that the issue was adequately preserved in the lower court—which means not only that the litigant presented the issue to the lower court, but also that the lower court *ruled on that issue*.[3]

■ Moreover, in the context of *Cooksey* pleas, an issue preserved for appeal must be dispositive of the defendant's case. We held in *Miles v. State*, 825 P.2d 904, 906 (Alaska App.1992), that an issue is "dispositive" for *Cooksey* purposes "only if resolution of the issue in the defendant's favor would either legally preclude the government from pursuing the prosecution or would leave the government without sufficient evidence to survive a motion for judgement of acquittal at the conclusion of the government's case."

■ At Hollstein's change-of-plea hearing, his defense attorney, the prosecutor, and Judge Wolfe all agreed that Hollstein's appellate issues were properly preserved, and that they were dispositive of Hollstein's criminal case. But this is clearly wrong.

As explained above, Judge Wolfe never issued a ruling on the merits of Hollstein's claim that the police lacked probable cause to arrest him. Instead, Judge Wolfe first ruled that a "motion to dismiss" was the wrong procedural vehicle to raise such a claim and then, on reconsideration, the judge declined to treat the defense attorney's motion to dismiss as a "mislabeled" motion to suppress.

Because Judge Wolfe never decided whether Hollstein's arrest was supported by probable cause, Hollstein's argument that the police had no probable cause to arrest him is not adequately preserved for appeal.

■ Hollstein did adequately preserve the issues of whether Judge Wolfe should have treated his motion to "dismiss" as a motion to "suppress", and whether Judge Wolfe should then have granted Hollstein an evidentiary hearing on the suppression issue. But these issues are not dispositive of Hollstein's case.

Even if Judge Wolfe abused his discretion when he declined to treat Hollstein's motion to dismiss as the equivalent of a motion to suppress, and when he failed to order an evidentiary hearing, these errors would only mean that Hollstein is entitled to engage in further litigation of his underlying claim— *i.e.*, his claim that there was no probable cause for his arrest, and that he is therefore entitled to suppression of much of the evi-

---

**2.** *See Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974).

**3.** *See, e.g., Sengupta v. University of Alaska*, 139 P.3d 572, 581 (Alaska 2006) ("To preserve a claim based on [the lower] court's failure to rule on a motion, a party must make every effort to request and obtain a ruling before proceeding to trial.") (quoting *Taylor v. Johnston*, 985 P.2d 460, 467 (Alaska 1999)); *Bryant v. State*, 115 P.3d 1249, 1258 (Alaska App.2005) ("Normally, an appellant may only appeal issues on which he has obtained an adverse ruling from the trial court."); *Mahan v. State*, 51 P.3d 962, 966 (Alaska App.2002) ("To preserve an issue for appeal, an appellant must obtain an adverse ruling.").

dence against him. And even assuming that Hollstein should have been accorded the right to further litigate his claim, this does not mean—or even suggest—that Hollstein would prevail on that claim.

In other words, even if we agreed with Hollstein that Judge Wolfe should have allowed him to litigate the merits of the probable cause issue, our decision would not be dispositive of Hollstein's case.

For these reasons, Hollstein's *Cooksey* plea is improper. One of the issues presented on appeal (Hollstein's claim that there was no probable cause for his arrest) would be dispositive, but it is not adequately preserved because the lower court never reached the merits of this claim. The remaining issues (Hollstein's procedural claims) are adequately preserved, but they are not dispositive of his case. We must therefore dismiss this appeal for lack of jurisdiction. *Miles,* 825 P.2d at 907.

This appeal is DISMISSED. Because Hollstein entered his no contest plea in reliance on his ability to challenge Judge Wolfe's rulings on appeal, Hollstein must now be given an opportunity to withdraw his plea. Accordingly, this case is REMANDED to the district court to allow Hollstein to withdraw his plea.